1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11    STEPHEN GRANUCCI,                        Case No. 1:22-cv-01428-JLT-CDB

12                    Plaintiff,
                                               ORDER CONSOLIDATING ACTIONS
13          v.                                 PURSUANT TO RULE 42(a) AND ORDER
                                               GRANTING DEFENDANT'S MOTION TO
14    UNITED STATES POSTAL SERVICE,            DISMISS FOR LACK OF JURISDICTION

15                    Defendant.               (Doc. 3)

16

17    STEPHEN GRANUCCI,                        Case No. 1:22-cv-01483-CDB

18                    Plaintiff,               ORDER CONSOLIDATING ACTIONS
                                               PURSUANT TO RULE 42(a) AND ORDER
19          v.                                 GRANTING DEFENDANT'S MOTION TO
                                               DISMISS FOR LACK OF JURISDICTION
20    UNITED STATES POSTAL SERVICE,

21                    Defendant.               (Doc. 5)

22

23

24          Pending before the Court is Defendant United States Postal Service's ("Defendant")

25   motions to dismiss for lack of jurisdiction. *Stephen Granucci v. United States Postal Service*, No.

26   1:22-cv-01428-JLT-CDB (Doc. 3) ("*Granucci I*"); *Stephen Granucci v. United States Postal

27   Service*, No. 1:22-cv-01483-CDB (Doc. 5) ("*Granucci II*").[1]  Plaintiff Stephen Granucci

28   _____

          [1] The parties have consented to the jurisdiction of the United State Magistrate Judge in

1  ("Plaintiff") did not file an opposition or any other response to Defendant's motion to dismiss,

2  and the time to do so has passed.[2]

3  BACKGROUND

4        On December 22, 2021, Plaintiff claims he shipped a Tiffany ring through the United

5  States Post Office.  *Granucci II* Compl. (Doc. 1-1).  Plaintiff asserts the ring did not arrive at the

6  destination and was not "tagged as dropped in the USPS tracking system."  *Id*.  Plaintiff asserts he

7  followed Defendant's missing parcel and lost mail procedures, but he was provided no details

8  about Defendant's investigations and the ring was not found.  *Id*.  Plaintiff alleges the ring was

9  stolen by an employee of Defendant and filed a claim through Defendant's "process" but was

10  denied.  *Id*.

11        On August 25, 2022, Plaintiff filed an action against Defendant in Small Claims Court of

12  California, Kern County.  *Granucci I* Compl. (Doc. 1 at p.8).  On October 28, 2022, Plaintiff filed

13  a virtually identical action with the same allegations against Defendant in Small Claims Court of

14  California, Kern County.  *Granucci II* Compl. (Doc. 1-1).  Defendant removed these small claim

15  actions to this Court on November 3 and November 17, 2022, pursuant to 28 U.S.C.S. §

16  1442(a)(1).  *Granucci I* Notice of Removal (Doc. 1).; *Granucci II* Notice of Removal (Doc. 1).

17  Defendant filed motions to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil

18  Procedure in both actions on November 8 and November 17, 2022.  *Granucci I* Mot. Dismiss

19  (Doc. 3).; *Granucci II* Mot. Dismiss (Doc. 5).

20  LEGAL STANDARD

21        When multiple actions pending before a court involve common questions of law or fact,

22  the court may order a joint hearing or trial of any or all matters at issue in the actions; consolidate

23  the actions; and/or issue any other orders to avoid unnecessary cost or delay.  Federal Rule Civil

24  _____

25  *Granucci*, No. 1:22-cv-01483-CDB, and the case has been assigned to Magistrate Judge
Christopher D. Baker for all purposes.  *See Granucci II* (Doc. 9).

26

27      [2] Plaintiff's failure to file oppositions to Defendants' motions is construed as non-
oppositions to dismissal.  *See* Local Rule 230(c) ("A failure to file a timely opposition may also

28  be construed by the Court as a non-opposition to the motion.").

1    Procedure 42(a). The court has "broad discretion" to determine whether and to what extent

2    consolidation is appropriate. *See Garity v. APWU Nat'l Labor Org*., 828 F.3d 848, 855-56 (9th

3    Cir. 2016) (*citing Inv'rs Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777,

4    777 (9th Cir. 1989)). "Typically, consolidation is a favored procedure." *Blount v. Boston*

5    *Scientific Corporation*, No. 1:19-cv-00578-AWI-SAB, 2019 WL 3943872, *2 (E.D. Cal. Aug. 21,

6    2019) (*citing In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices Litig*., 282

7    F.R.D. 486, 491 (C.D. Cal. 2012)). In deciding whether to consolidate actions, the court "weighs

8    the saving of time and effort consolidation would produce against any inconvenience, delay, or

9    expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *Single*

10   *Chip Sys. Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052, 1057 (S.D. Cal. 2007).

11           A motion under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. *See*

12   Fed. R. Civ. P. 12(b)(1). Federal district courts are courts of limited jurisdiction that "may not

13   grant relief absent a constitutional or valid statutory grant of jurisdiction". *A-Z Int'l v. Phillips*,

14   323 F.3d 1141, 1145 (9th Cir. 2003). "A federal court is presumed to lack jurisdiction in a

15   particular case unless the contrary affirmatively appears." *Id*.

16           In a Rule 12(b)(1) motion, the plaintiff is entitled to safeguards similar to those applicable

17   to a Rule 12(b)(6). *Yerike v. Majano*, No. 2:20-cv-25555 KJM DB PS, 2021 WL1854191, at *1

18   (E.D. Ca. May 10, 2021) (citing *Sea Vessel Inc. v. Reyes*, 23 F.3d 345, 347 (11th Cir. 1994)). The

19   court takes the allegations in the complaint as true. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th

20   Cir. 2004). However, the court is not restricted to the face of the pleadings and "may review any

21   evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of

22   jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). The burden to

23   demonstrate subject matter jurisdiction is on the party asserting the claim. *See Harris v. KM*

24   *Indus., Inc.*, 980 F.3d 696, 699 (9th Cir. 2020).

25                                           ANALYSIS

26           Defendant argues in both cases: (1) the Court lacks subject matter jurisdiction because the

27   federal government has not waived sovereign immunity under the Federal Torts Claim Act

28   ("FTCA") to sue federal agencies such as USPS [*see Granucci I* Mot. Dismiss (Doc. 3-1 at 2-4);

1    *Granucci II* Mot. Dismiss (Doc. 5-1 at 2-4)], and (2) the cases must be dismissed under the

2    doctrine of derivative jurisdiction.  *Granucci I* Mot. Dismiss (Doc. 3-1 at 4-5); *Granucci II* Mot.

3    Dismiss (Doc. 5-1 at 4-5).

4         A.  <u>Consolidation of these two actions is appropriate and desirable</u>.

5         Both cases involve the same parties and identical questions of law and fact.  Judicial

6    economy unquestionably is served by consolidation, where, as here, it will eliminate the need for

7    various judicial officers to address and rule on precisely the same issues in two "separate" cases.

8    The Court has weighed the saving of time and effort consolidation would produce against any

9    inconvenience, delay, or expense that it would cause, and concludes that the balance

10   overwhelmingly favors consolidation.  *Huene*, 743 F.2d at 704.  Therefore, the Court shall order

11   consolidation of these two cases to preserve the Court's resources.[3]

12        B.  <u>Sovereign Immunity</u>.

13        The United States and its federal agencies are immune from suit absent a waiver providing

14   for their consent to be sued.  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  "The terms of consent to

15   be sued may not be inferred, but must be unequivocally expressed."  *United States v. White Mt.*

16   *Apache Tribe*, 537 U.S. 465, 472 (2003).  A waiver of sovereign immunity is strictly construed in

17   favor of the government, and a plaintiff bears the burden to show that the government has waived

18   its immunity as to the specific claim asserted.  *Cunningham v. United States*, 786 F.2d 1445, 1446

19   (9th Cir. 1986).

20        Generally, the United States has waived its sovereign immunity in civil actions under the

21   FTCA "for injury or loss of property, or personal injury or death caused by the negligent or

22   wrongful act or omission of any employee of the Government while acting within the scope of his

23   office or employment…"  28 U.S.C.S. § 1346(b)(1).  Under the FTCA, federal courts have

24   exclusive jurisdiction over civil actions seeking monetary damages for torts committed by the

25   _____

26        [3] The parties have consented to magistrate judge jurisdiction in *Granucci*, No. 1:22-cv-
     01483-CDB.  (Doc. 9.)  The parties have not yet filed the Election Concerning Consent/Non-
27   Consent to Magistrate Judge Jurisdiction Forms in *Granucci*, No. 1:22-cv-01428-JLT-CDB, but
     because the parties, facts, and claims are identical across both actions, the Court deems it
28   unnecessary to require an additional consent form in *Granucci*, No. 1:22-cv-01428-JLT-CDB.

4

1  government and employees acting in the scope of their employment.  *United States v. Park Place*
2  *Assocs., Ltd.*, 563 F.3d 907, 924 (9th Cir. 2009).

3          The Postal Reorganization Act ("PRA") provides that Defendant is an independent
4  executive agency of the United States and enjoys sovereign immunity absent a waiver.  *See* 39
5  U.S.C.S. § 201; *MB Fin. Grp., Inc. v. U.S. Postal Serv.*, 545 F.3d 814, 816 (9th Cir. 2008).  The
6  PRA waives the Postal Service's sovereign immunity to a limited extent by granting the Postal
7  Service the power "to sue and be sued in its official name," and it provides that the FTCA "shall
8  apply to tort claims arising out of activities of the Postal Service."  *Dolan v. United States Postal*
9  *Serv.*, 546 U.S. 481, 484 (2006); *see Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir.
10  1998).

11          However, under the FTCA, Congress has explicitly provided an exception for its waiver
12  of sovereign immunity against Defendant concerning "[a]ny claim arising out of the loss,
13  miscarriage, or negligent transmission of letters or postal matter."  28 U.S.C. § 2680(b). This
14  includes "negligen[tly] causing mail to be lost or to arrive late, in damaged condition, or at the
15  wrong address."  *Dolan*, 546 U.S. at 486 (finding that Section 2680(b) applies categorically to
16  "injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives
17  late").

18          Here, Plaintiff asserts Defendant's employees lost or stole his package.  *Granucci I*
19  Compl. (Doc. 1 at 9); *Granucci II* Compl. (Doc. 1-1 at 2).  Plaintiff's claim against Defendant for
20  lost or mishandled mail falls squarely within the FTCA's postal matter exception.  28 U.S.C. §
21  2680(b); *see Halousek v. United States Postal Serv.*, No. 2:19-cv-0588-MCE-KJN PS, 2020 WL
22  2084818, at *3 (E.D. Cal. April 30, 2020) (Plaintiff's claim her mail should have been secured by
23  the post office, and as a result of some unknown and unspecific alleged wrongdoing her
24  retirement checks were lost/missing fell, deemed within the postal matter exception to the FTCA),
25  *F&R adopted*, 2020 WL 12949467 (E.D. Cal. June 10, 2020), *appeal dismissed*, 2022 WL
26  1310817 (9th Cir. Feb. 23, 2022).  Accordingly, because Defendant has not explicitly waived its
27  sovereign immunity for this type of claim, this claim shall be dismissed for lack of subject matter
28  jurisdiction.  *Anderson v. United States Postal Serv.*, 761 F.2d 527, 528 (9th Cir. 1985).

1    C.  Derivative Jurisdiction.

2    Defendant also argues this Court lacks jurisdiction under the doctrine of derivative

3    jurisdiction.  *Granucci I* Mot. Dismiss (Doc. 3-1 at 4-5; *Granucci II* Mot. Dismiss (Doc. 5-1 at 4-

4    5).  When a federal court concludes that it lacks jurisdiction over a removed case, the court

5    generally must remand the case rather than dismiss it.  *See* 28 U.S.C. § 1447(c); *Polo v.*

6    *Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).  However, the federal court may

7    dismiss the case itself when there is "absolute certainty that remand would prove futile."  *Bell v.*

8    *City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991).

9    The derivative jurisdiction doctrine provides that, under certain circumstances, the federal

10   court's jurisdiction over a removed case is "derivative" of the original state court's jurisdiction—

11   that is, if the state court lacked jurisdiction over the case, the federal court does too, even if the

12   case could have originally been brought in federal court. *Minnesota v. United States*, 305 U.S.

13   382, 389 (1939) ("Where the state court lacks jurisdiction of the subject matter or of the parties,

14   the federal court acquires none, although in a like suit originally brought in federal court it would

15   have had jurisdiction."); *see also Cox v. USDA.*, 800 F.3d 1031, 1032 (9th Cir. 2015) (because

16   USDA did not waive sovereign immunity, the state court lacked jurisdiction, and "under the

17   derivative jurisdiction doctrine, the district court also lacks jurisdiction over the petition on

18   removal") (*per curiam*). The Ninth Circuit and district courts within the Circuit have consistently

19   applied this doctrine to cases removed under § 1442. *See. E.g., Cox*, 800 F.3d at 1032; *Sadozai v.*

20   *Def. Lang. Inst.*, 2021 WL 4710564, at *1 (N.D. Cal. Oct. 7, 2021); *Munshower v. City of Lodi*,

21   No. 16-1163, 2016 WL 6875905, at *1–2 (E.D. Cal. Nov. 22, 2016).

22   Plaintiff filed two suits against Defendant in Small Claims Court of California, Kern

23   County.  *Granucci I* Compl. (Doc. 1); *Granucci II* Compl. (Doc. 1-1).  Defendant and the United

24   States had not waived the sovereign immunity of its agencies for such lawsuits in state court.

25   Under the FTCA, federal courts possessed exclusive jurisdiction over civil actions against the

26   federal government.  *Park Place Assocs.*, *Ltd.*, 563 F.3d at 924.  Because the Small Claims Court

27   of California Kern County lacked jurisdiction over Plaintiff's lawsuits, this Court likewise never

28   acquired jurisdiction, and Plaintiff's claims must be dismissed.

Finally, a district court may dismiss a complaint with prejudice "only when it is clear that no amendment could cure a defect in the complaint." *City of Oakland v. Hotels.com LP*, 572 F.3d 958, 962 (9th Cir. 2009). This Court lacks jurisdiction over both of Plaintiff's lawsuits. Therefore, no amendment can cure Plaintiff's complaints and, thus, dismissal with prejudice is warranted.

## CONCLUSION AND ORDER

Accordingly, for the reasons set forth above, it is HEREBY ORDERED:

1. The actions denominated as *Granucci*, No. 1:22-cv-01428-JLT-CDB and *Granucci*, No. 1:22-cv-01483-CDB are CONSOLIDATED under Rule 42(a);

2. Defendant's motions to dismiss, *Granucci I* Mot. Dismiss (Doc. 3); *Granucci II* Mot. Dismiss (Doc. 5), are GRANTED;

3. Plaintiff's complaints, *Granucci I* Compl. (Doc. 1); *Granucci II* Compl. (Doc. 1), are DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction; and

4. The Clerk of the Court is directed to close the consolidated action.

IT IS SO ORDERED.

Dated:   __January 26, 2023__                    _____

UNITED STATES MAGISTRATE JUDGE